# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FREDERICK BANKS,**

       Plaintiff,

    -vs-                                        **Case No. 16-CV-720**

**HON. RICHARD W. ROBERTS, et al.,**

       Defendants.

## DECISION AND ORDER

The plaintiff, Frederick Banks, is a *pro se* prisoner housed in FCI Butner in North Carolina. He has filed a complaint alleging violations of his constitutional rights. The plaintiff has also filed a petition to proceed without prepayment of the filing fee (*in forma pauperis*).

Under the Prison Litigation Reform Act, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) because he has accumulated dozens of "strikes." The plaintiff has been told this many times.

On June 10, 2016, the United States District Court for the District of

Massachusetts summarized the plaintiff's litigation history:

> Banks has, while a prisoner, filed numerous cases in federal district courts throughout the country that have been dismissed as malicious or frivolous or for failure to state a claim upon which relief may be granted. In 2008, this Court (Tauro, J.), identified ten such cases and denied his motion for leave to proceed in forma pauperis on that ground. *See Banks v. Sutherland*, C.A. No. 08-10880-JLT, Docket No. 3 (D. Mass. May 28, 2008). In 2013, a federal district court in Ohio identified 205 cases Banks had filed in federal district courts which had been dismissed at the pleading stage; of those cases, one third were dismissed under the three strikes provision of 28 U.S.C. § 1915(g). *See Banks v. Valaluka*, C.A. 15-01935, 2015 WL 7430077, at *1 & n.1 (N.D Ohio Nov. 18, 2015).

*Banks v. Eddy*, No. 1:16-cv-10974 (D. Mass June 10, 2016).

An inmate with three or more strikes "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, the plaintiff is seeking $500,000,000.00 from thirty-six defendants, including eighteen judges, seven senators, and the president of the United States. He states that he has been targeted for telepathic surveillance. The complaint also alleges various events which will occur later this year, including his arrest by forty FBI agents on August 7, 2016, and

- 2 -

court testimony by one of those agents on August 11, 2016. The plaintiff alleges that he has been previously found to be "paranoid, mentally ill, and delusional . . . ." (ECF No. 1 at 1.) Without regard to his mental condition, the allegations in the complaint are clearly delusional. They do not plausibly allege that the plaintiff is under imminent danger of serious physical injury even if he has accurately predicted that he will be arrested by forty FBI agents on August 7, 2016. Therefore, the plaintiff cannot proceed *in forma pauperis*.

However, he filed an *in forma pauperis* petition. The Seventh Circuit requires that litigants who attempt to "bamboozle" the court — by seeking to proceed *in forma pauperis* after they have been informed that they are barred from doing so — be restricted.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate terminations of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subjects to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitioners challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

- 3 -

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Based on the foregoing, this case will be dismissed, the filing fee assessed, and the plaintiff restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict the plaintiff from filing a notice of appeal in this case nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the Director of the Bureau of Prisons or his designee shall collect from the plaintiff's prison trust account the $400 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds

$10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return, unfiled, any paper filed in a civil case by or on behalf of Frederick Banks (except for a notice of appeal in this case or unless filed in an habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court.

**IT IS FURTHER ORDERED** that the Clerk of Court note on the docket of this case any attempted filings in violation of this order.

Dated at Milwaukee, Wisconsin, this 21st day of July, 2016.

**BY THE COURT:**

s/ *William C. Griesbach*
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**