UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDERICK BANKS,

      Plaintiff,

v.             Case No. 16-cv-720-pp

HON. RICHARD W. ROBERT, HON. HENRY H. KENNEDY,
HON. ROSEMARY M. COLLYER, HON. RICHARD J. LEON,
HON. G. MICHAEL HARVEY, HON. MICHAEL W. MOSMAN,
HON. REGGIE B. WALTON, HON. SUSAN C. BUCKLEW,
HON. ELIZABETH A. KOVACHEVISH, HON. JULIE S. SNEED,
HON. VIRGINIA M. HERNANDEZ COVINGTON,
HON. JAMES S. MOODY, JR., HON. STEVEN D. MERRYDAY,
HON. CHARLENE EDWARDS HONEYWEL,
HON. MARK HORNAK, HON. JOY FLOWERS CONTI,
HON. LISA PUPO LENIHAN, HON. CATHY BISOON,
ROBERT CESSAR, DAVID HICTON,
TIMOTHY PIVNICHNY, SEAN LANGFORD,
ROBERT WERNER, ADRIAN ROE, ESQ.,
FEDERAL BUREAU OF INVESTIGATION,
JOHN BRENNAN, CENTRAL INTELLIGENCE AGENCY,
SENATOR MARCO RUBIO, BARACK OBAMA,
SENATOR TED CRUZ, SENATOR BERNIE SANDERS,
SENATOR JOHN MCCAIN, SENATOR LINDSEY GRAHAM,
SENATOR CHARLES SCHUMER, SENATOR MITCH MCCONNELL,
AND UNITED STATES MARSHALS SERVICE,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE (DKT. NO. 10)**

---

  Plaintiff Frederick Banks is confined at the Butner Federal Medical

Center in Butner, North Carolina. He filed this lawsuit alleging violations of his

1

constitutional rights. Dkt. No. 1. On July 21, 2016, Judge Rudolph T. Randa[1] denied the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) pursuant to 28 U.S.C. §1915(g), and dismissed the case as frivolous and malicious under 28 U.S.C. §1915A. Dkt. No. 8 at 4. Based on the fact that the plaintiff had an extensive history of filing cases that had been dismissed as frivolous, malicious, or for failure to state a claim, the order directed the Clerk of Court to return unfiled any pleading filed by or on behalf of the plaintiff, until he had paid in full all outstanding fees and sanctions in all civil actions in any federal court. Id. at 1-2, 4-5. The court entered judgment on July 21, 2016. Dkt. No. 9.

On February 2, 2017, the plaintiff filed a motion to vacate that judgment Federal Rule of Civil Procedure 60(b)(4). Dkt. No. 10. The case was transferred to this court on February 2, 2017.

1. *Plaintiff's Motion to Vacate*

In his motion, the plaintiff argues that at the time he filed the complaint he was not a prisoner, but a mental patient committed to a mental institution. Dkt. No. 10. The plaintiff asserts that because he was not a prisoner when he filed the complaint, the Prison Litigation Reform Act (PLRA) did not apply to him, and that he was "not subject to the filing fee as a pauper." Id. According to the plaintiff, he has been continually committed since April 22, 2017 (presumably, he means 2016). Dkt. No. 10. He states that he currently is

---

[1] Judge Randa issued the order. Chief Judge William C. Griesbach signed the order on Judge Randa's behalf, because Judge Randa was unable to come into the office to do so.

committed for restoration under 18 U.S.C. §4241(d), and that previously he was committed under 18 U.S.C. §4241(b). Id. The plaintiff also states that his complaint contained an "obvious typo;" it says that forty FBI agents arrested him on August 7, "2016," but the plaintiff meant to say "2015." Id.[2]

*2.    Rule 60(b)*

The plaintiff brings his motion under Rule 60(b)(4). Dkt. No. 10. That rule allows a court to relieve a party of a final judgment if the judgment "is void." A judgment is void only if the court that rendered judgment lacked jurisdiction of the subject matter or the parties, or if the court acted in a manner inconsistent with due process of law. 21 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682, Westlaw (database updated 2017). The plaintiff has not argued that the court had no jurisdiction over his complaint (it did, because he alleged that his civil rights were violated under federal law). Nor has he argued that Judge Randa acted in a way that was inconsistent with due process. The court has no basis for granting a Rule 60(b)(4) motion.

Rule 60(b) also allows a court to relieve a party from a final judgment or order for the following reasons: (a) mistake, inadvertence,

---
[2] Had the plaintiff put the 2015 date in his complaint, that fact might have affected Judge Randa's description of the complaint's allegations. The plaintiff filed the complaint on June 13, 2016, so the court interpreted the allegation that forty FBI agents arrested him on August 7, *2016*, as a prediction of a future event. Dkt. No. 8 at 2. If the agents allegedly arrested the plaintiff in 2015, however, he would have been complaining about an event that already had happened. Be that as it may, the corrected date does not change the court's analysis that the allegations in the complaint are "clearly delusional," or the court's dismissal of the complaint as frivolous and malicious. Id. at 3, 4.

3

surprise, or excusable neglect; (b) newly discovered evidence; (c) fraud, misrepresentation, or misconduct by an opposing party; (d) the judgment has been satisfied, released or discharged; or (e) for any other reason that justifies relief. Fed. R. Civ. P. 60(b).

*3. Discussion*

In the order dismissing the petitioner's case, Judge Randa identified the plaintiff as "a *pro se* prisoner housed in FCI Butner in North Carolina." Dkt. No. 8 at 1. He also pointed out that the petitioner had filed "an *in forma pauperis* petition." Id. at 3. In fact, the plaintiff filed along with his petition an application to proceed in district court without prepaying the filing fee—an *in forma pauperis* application. Dkt. No. 2. For these reasons, Judge Randa applied the provisions the PLRA to the plaintiff, including the "three-strikes" provision of the *in forma pauperis* statute, 28 U.S.C. §1915(g).[3] The court denied the plaintiff's application to proceed *in forma pauperis* because he had accumulated dozens of "strikes," and because he did not allege that he was under imminent danger of serious physical injury. Dkt. No. 8 at 1, 3.

---

[3] The PLRA's three-strikes provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

4

The plaintiff contends that he was not a prisoner when he filed the complaint because he was committed to a mental institution on April 16, 2017 (he presumably means 2016—the court received his complaint on June 13, 2016). If, when he filed the complaint, the plaintiff was an inmate committed to a mental institution after a finding that he was not guilty of criminal charges by reason of insanity, then he probably would not meet the definition of "prisoner" under the PLRA, and the PLRA's three-strikes provision, §1915(g), would not apply to him. See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2011) (inmate held in state mental institution after being found not guilty by reason of insanity not a prisoner under PLRA).

The court has reviewed the docket for the plaintiff's criminal case. United States v. Banks, Case No. 15-CR-168 (W.D. PA.). On August 11, 2015, the court in the plaintiff's criminal case issued an Order of Detention Pending Trial. Banks, 15-CR-168, Dkt. No. 20. At that time, he was a "prisoner" as defined by the *in forma pauperis* statute. See 28 U.S.C. §1915(h) (a "prisoner" means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violation of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

On April 22, 2016, the court in the petitioner's criminal case ordered a competency hearing under 18 U.S.C. §4241(a), to determine whether he was competent to stand trial and to represent himself at that trial. Banks, 15-CR-168, Dkt. No. 129 at 5. In this order, the court determined that the plaintiff

5

should remain in custody and not be released on bond before trial pending an examination because "he poses a danger (both economic and physical) to the community and others in it if released before trial, and given the nature and content of his wide array of filings, the Court concludes that if released, he would be a genuine and very real flight risk." Id. at 4. The Pennsylvania court held a competency hearing on September 29, 2016; on October 3, 2016, the court ordered the plaintiff committed to the custody of the Attorney General pursuant to 28 U.S.C. §4241(d) "to determine whether there is a substantial probability that in the foreseeable future [the plaintiff] will attain the capacity to permit these proceedings to go forward." Banks, 15-CR-168, Dkt. No. 206, at 1-2.

The plaintiff appears to be arguing that he no longer met the definition of a "prisoner" under the PLRA as of April 22, 2016, because on that date, the Pennsylvania court ordered a mental examination. But at that time, the plaintiff remained confined pending trial on his *criminal* charges, just as he was when he filed this federal complaint on June 13, 2016. The court concludes that the plaintiff was a prisoner as defined by the PLRA. See 28 U.S.C. §1915(h); see also Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) (person held on unresolved criminal charges whose criminal proceedings are held in abeyance during treatment for mental illness is a prisoner under PLRA).

The plaintiff has not shown that Judge Randa's order of July 21, 2016 was the result of mistake, inadvertence, surprise, or excusable neglect. He has not pointed to any newly discovered evidence. He has not demonstrated that

6

the order was the result of fraud, misrepresentation, or misconduct by an opposing party (d) the judgment has been satisfied, released or discharged. This court can identify no other reason that justifies relief. The court will deny the plaintiff's motion to vacate.

## **ORDER**

The court **DENIES** the plaintiff's motion to vacate. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 8th day of May 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge